Barbara J. FROCKT, Plaintiff,

v.

OLIN CORPORATION, formerly Olin
Mathieson Chemical Corp.,
Defendant.

No. NA 69-C-57.

United States District Court,
S. D. Indiana,
New Albany Division.

May 23, 1972.

Rudolph V. Binus, Louisville, Ky., for plaintiff.

Richard L. Mattox, of Orbison, Rudy & O'Connor, New Albany, Ind., for defendant.

## MEMORANDUM OPINION

NOLAND, District Judge.

This cause came before the Court for hearing on January 17–19, 1972, upon plaintiff's complaint for damages resulting from her alleged discriminatory discharge from employment with defendant because of her sex and religion. Although plaintiff has cited several sections of the United States Code in her complaint, namely 42 U.S.C. §§ 1981, 1983, 2000e and 2000f, the issues involved in this matter concern only Title 42, United States Code Section 2000e, and the case has progressed accordingly.

Plaintiff has maintained throughout these proceedings that her discharge was due to a concerted effort by various persons employed by the defendant, Olin Corporation, to ease her out of the corporation under the pretext of misconduct. In an elaborate dissertation of her employment history with Olin, she

characterized herself as being very intelligent, dedicated, concerned, careful, cooperative and loyal. Concomitantly, she argues that the numerous charges of misconduct made by the defendant are either untrue, falsified, or otherwise distorted. Plaintiff contends that these charges of misconduct were fabricated with a malicious intention to discriminate against her with respect to terms, conditions, and advancement opportunities during her employment with Olin because of her sex and Jewish faith. The defendant, however, contends that plaintiff was discharged for failure to follow supervisory instructions and that there was no discriminatory motivation behind her termination.

■ The Civil Rights Act of 1964, Title 42, United States Code, Section 2000e–2 provides in relevant part as follows:

"(a) It shall be an unlawful employment practice for an employer—

(1) to fail or refuse to hire or discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or

(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

\* \* \* \* \* \*

(j) Nothing contained in this subchapter shall be interpreted to require any employer, employment agency, labor organization, or joint labor-management committee subject to this sub-chapter to grant preferential treatment to any individual or to any group because of the race, color, religion, sex, or national origin of such individual or group on account of an imbalance which may exist with respect to the total number or percentage of persons of any race, color, religion, sex, or national origin employed by any employer, referred or classified for employment by any employment agency or labor organization, admitted to membership or classified by any labor organization, or admitted to, or employed in, any apprenticeship or other training program, in comparison with the total number or percentage of persons of such race, color, religion, sex, or national origin in any community, State, section, or other area, or in the available work force in any community, State, section, or other area."

The Act only prohibits discriminatory employment practices based upon race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(h); Andres v. Southwestern Pipe, Inc., 321 F.Supp. 895, 898 (N.D.La., 1971) [hereinafter referred to as *Andres*]. The question of whether the defendant has engaged in such discriminatory practices is essentially one of fact to be resolved on a case-by-case basis. United States by Clark v. H. K. Porter Co., 296 F.Supp. 40 (N.D.Ala., 1968).

■ In order to prevail under Section 2000e–2, the plaintiff has the burden of showing by a preponderance of evidence that his employer has intentionally discriminated against her on account of sex or religion. See: *Andres*, 321 F.Supp. at 898. Plaintiff, however, has not only failed to show any discriminatory intent or motivation in this case, but has failed to establish any discrimination in fact.

■ Plaintiff has failed to introduce even a scintilla of evidence that the defendant discharged her because of her religion. Similarly, while there was some indication of a heavy concentration of female employees in some job classifications and an absence of female employees in certain other classifications, plaintiff failed to introduce any evidence of discrimination or intent to discriminate other than her own uncorroborated assertions. Furthermore, evidence of a

numerical imbalance between men and women employees in various job classifications, without more, does not establish by a preponderance of evidence that the defendant had treated plaintiff in a discriminatory fashion proscribed by the Act. Section 2000e–2(j) makes it clear that an employer is not required to treat any group or individual preferentially because of sex on account of an imbalance which may exist as to the number or percentage of persons of a particular sex employed by an employer in any particular job classification or training program. See also: Jones v. Lee Way Motor Freight, Inc., 300 F.Supp. 653, 655 (W.D.Okl., 1969); United States by Clark v. H. K. Porter Company, 296 F. Supp. 40, 69 (N.D.Ala.1968).

The plaintiff's wild, uncorroborated accusations of personal abuse, including an emotional description of an alleged whipping incident and another incident wherein she claims to have been confined in a locked room with several men, do not serve to indicate a probable discriminatory motive behind her discharge from employment. These accusations were thoroughly refuted not only by the contradicting testimony of defense witnesses, but also by the demeanor and conduct of the plaintiff throughout the proceedings in this matter.

The defendant presented substantial, if not overwhelming evidence, that the plaintiff was unable to get along with supervisory personnel at Olin, that she failed to follow the instructions of her superiors, and that she concerned herself with the duties and responsibilities entrusted to other persons and departments at Olin, resulting in the neglect of her own job. As the more detailed findings of fact, *infra*, indicate, the management of Olin Corporation showed a great deal of patience with the plaintiff to no avail. When plaintiff could not get along with her supervisor in the inspection department, she was transferred to the production department in the hope that she could perform more satisfactorily there. Plaintiff, however, again failed to follow instructions and would not stay in her work area. Thereafter, plaintiff was given yet another chance after her performance in production proved to be unsatisfactory. She was assigned to the Industrial Relations Division and finally terminated from employment when she again failed to follow instructions.

It is the conclusion of the Court, therefore, that the testimony and evidence before the Court fails to establish by a preponderance that plaintiff was discharged because of her sex or religion. It is apparent that the defendant discharged her because of her misconduct. The burden of proving that her termination was otherwise motivated for discriminatory purposes proscribed by the Civil Rights Act of 1964, was on the plaintiff. This she has failed to do. In fact, plaintiff's own contradictory testimony, conduct, and demeanor revealed that she misconstrued plant procedures, had numerous conflicts with other Olin personnel, and as a result, formulated a theory of sex and religious discrimination without a supporting factual basis. Consequently, this case does not turn on the issue of discrimination because of sex or religion, but it involves the personalities of people and their ability to work together. Plaintiff's evidence, therefore, falls far short of its aim. See: Barnes v. Lerner Shops of Texas, Inc., 323 F.Supp. 617, 622 (S.D.Tex., 1971).

The Court now makes the following:

## FINDINGS OF FACT

1. The plaintiff at all times in question was a citizen of the United States of America.

2. The defendant at all times in question was a corporation organized under the laws of Virginia conducting business in Charlestown, Indiana, as well as other areas.

3. Prior to the filing of the complaint, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission and plaintiff was duly notified of her right to sue

within thirty (30) days pursuant to 706(e) of Title VII of the Civil Rights Act of 1964.

4. March 1, 1967, plaintiff was hired by defendant as an inspector at $423.00 per month.

5. March 22, 1967, plaintiff was disciplined for holding up production until she caught up with the rest of the workers.

6. March 29, 1967, plaintiff was disciplined for failing to cooperate with her supervisor, failing to stay in her work area and abusing relief time.

7. April 4 or 5, 1967, plaintiff was disciplined for not following instructions and not staying in work area.

8. January 12, 1968, plaintiff was disciplined for failing to clean work area, thereby disregarding an order from her supervisor.

9. April 23, 1968, plaintiff was disciplined for failure to perform prescribed inspection.

10. June 18, 1968, plaintiff was reclassified as Forelady.

11. July 22, 1968, plaintiff was warned about upsetting other employees and leaving a newspaper on her desk.

12. July 23, 1968, plaintiff was warned about clocking out and leaving by 4:00 P.M.

13. July 24, 1968, plaintiff was warned about giving instructions without knowing how to perform the job.

14. July 29, 1968, plaintiff was reassigned to the Industrial Relations Division.

15. August 28, 1968, plaintiff was informed of complaints from "Stores", "Safety" and "Employment" concerning her.

16. Thereafter, August 29, 1968, plaintiff was informed by the department head in Industrial Relations that her probationary period was proving unsatisfactory but it would be extended until September 13, 1968, to permit her to settle down and follow instructions.

17. September 3, 1968, plaintiff was reported for failure to follow instructions.

18. September 13, 1968, plaintiff was given the opportunity to resign or to be terminated.

19. The reason for plaintiff's discharge was because of her failure to follow supervisory instructions and her inability to get along with and work with other Olin Corporation personnel.

20. Defendant did not discharge plaintiff because of her race, color, religion, sex or national origin.

21. Defendant did not otherwise discriminate against plaintiff with respect to her compensation, terms, conditions or privileges of employment because of her race, color, religion, sex or national origin.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of the parties and the subject matter of the action pursuant to Title 42, United States Code, Section 2000e.

2. Plaintiff exhausted her remedies under Title 42, United States Code, Section 2000e.

3. The Civil Rights Act of 1964, Title 42, United States Code, Section 2000e, does not prohibit discrimination in employment unless such discrimination is based upon race, color, religion, sex, or national origin.

4. The burden was on plaintiff to show by preponderance of evidence that the defendant, as her employer, intentionally discriminated against her because of her sex or religion.

5. Plaintiff has failed to show by a preponderance of the evidence that the defendant discharged her or in any other way discriminated against her with respect to her employment at Olin Corporation because of her sex or religion.

6. The plaintiff failed to prove that Olin Corporation deprived her of any of her rights, privileges or immunities secured by the laws of the United States,

Title 42 U.S.C. §§ 1981, 1983, 2000e and 2000f.

7. The law is with the defendant, Olin Corporation, and against the plaintiff, Barbara J. Frockt.