Virginia CEDECK, Appellant,

v.

HAMILTONIAN FEDERAL SAVINGS
AND LOAN ASSOCIATION, Appellee.

No. 76-1541.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 15, 1977.

Decided April 1, 1977.

Rehearing and Rehearing En Banc
·Denied April 22, 1977.

Louis Gilden, St. Louis, Mo., on brief for appellant.

Robert W. Henry, Clayton, Mo., on brief for appellee.

Before LAY and STEPHENSON, Circuit Judges, and SMITH,* Senior District Judge.

STEPHENSON, Circuit Judge.

Plaintiff-appellant Virginia Cedeck brought this action below against Hamiltonian Federal Savings and Loan Association (Hamiltonian), alleging sex discrimination in her failure to be promoted and in her discharge, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 28 U.S.C. § 1343. The district

* The Honorable Talbot Smith, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

court, after a non-jury trial, found that Cedeck had failed to prove her claim of discrimination based upon sex and entered judgment for the defendant.[1] In this appeal plaintiff's principal complaint is that the trial court's findings were clearly erroneous. We affirm the judgment for the defendant.

Appellant Cedeck began her employment with Hamiltonian on September 8, 1969, as a teller at the Bissell Hills branch office. In the summer of 1971 Jack Murphy, the manager of the Bissell Hills branch office, was transferred to Hamiltonian's Ladue office. Donald Sextro was hired to replace Murphy and assumed the position as manager of the Bissell Hills branch office in September 1971. The following year, on November 8, 1972, Cedeck was discharged from her position with Hamiltonian.

Upon her discharge, Cedeck filed charges of sex discrimination with the Equal Employment Opportunity Commission on November 13, 1972. A right to sue letter was issued on August 8, 1975. Suit was then filed by Cedeck in district court on November 3, 1975.

The initial issue raised by appellant concerns the district court's holding that Cedeck's charge of sex discrimination in her failure to be promoted was not timely filed and therefore the court lacked jurisdiction. Section 2000e–5(e) of Title VII provides that a charge shall be filed with the Equal Employment Opportunity Commission within 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e–5(e). The district court found that the alleged unlawful employment practice occurred on September 27, 1971, when Donald Sextro was hired as the manager of the Bissell Hills branch office. Because there were no further openings for branch manager following the hiring of Sextro, the court found that the 180 day period ran from September 27, 1971. Cedeck's charges were not filed with the Equal Employment Opportunity Commission until November 13, 1972. Thus, the district court held that the charge concerning the promotion was not timely filed and it therefore lacked jurisdiction. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

■ In our view, however, Cedeck was challenging more than her failure to be promoted to a particular job at a particular time. She also alleged that defendant had failed to consider her for promotion and in this connection she testified that some time after Sextro was hired as the branch manager, she made an inquiry to him about the possibility of being named assistant manager. He replied that he would check into it but nothing else was said. In September of 1972, Hamiltonian hired at least one assistant branch manager. Thus, it would appear that Cedeck was concerned not only with her failure to be promoted to the manager's position but also with her overall upward mobility in the Hamiltonian organization. In this light, the alleged unlawful employment practice was a continuing one which did not terminate until at least September of 1972. *See generally Olson v. Rembrandt Printing Co.,* 511 F.2d 1228, 1233–34 (8th Cir. 1975); *Macklin v. Spector Freight Systems, Inc.,* 156 U.S.App.D.C. 69, 478 F.2d 979, 986–88 (1973); *Richard v. McDonnell Douglas Corp.,* 469 F.2d 1249, 1252–53 (8th Cir. 1972); *Cox v. United States Gypsum Co.,* 409 F.2d 289, 290–91 (7th Cir. 1969). *But see Gates v. Georgia-Pacific Corp.,* 492 F.2d 292, 294–95 (9th Cir. 1974); *Moore v. Sunbeam Corp.,* 459 F.2d 811, 827–28 (7th Cir. 1972). It follows that the charge was timely filed and the court had jurisdiction.

■ The district court stated that "Assuming *arguendo* that jurisdiction exists over defendant's failure to promote plaintiff, the Court concludes that the failure to promote was not the result, in whole or in part, of discrimination on the basis of sex."

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri. The memorandum containing the court's findings of fact and conclusions of law is published as *Cedeck v. Hamiltonian Federal Savings and Loan Ass'n,* 414 F.Supp. 495 (E.D. Mo.1976).

*Cedeck v. Hamiltonian Federal Savings and Loan Ass'n, supra,* 414 F.Supp. at 498. The court further found that "Title VII has not been violated as termination was not the result of sex discrimination." *Cedeck v. Hamiltonian Federal Savings and Loan Ass'n, supra,* 414 F.Supp. at 499. We cannot say these findings are clearly erroneous. The record reveals that not one of the existing employees (30 females and 15 males) was considered qualified for the promotion to manager of the Bissell Hills branch office. Further evidence was introduced by Hamiltonian concerning Cedeck's difficulties with the bank's computer system, her fellow employees and her fair number of questionable absences. It is difficult, in view of this evidence, to conclude that the trial court's failure to find a violation of Title VII was clearly erroneous and we refuse to do so.

Finally, Cedeck argues that the district court erred in refusing to admit as evidence a certain statement made by branch manager Jack Murphy to Cedeck. While testifying on direct examination, Cedeck stated that she told Murphy she was interested in the job of branch manager. Murphy replied he would present Cedeck's request for promotion to those in charge. Cedeck's counsel then asked her what Murphy told her about the request for promotion several weeks later. Hamiltonian's counsel objected at this point on the grounds that whatever Murphy told Cedeck was hearsay and, in addition, Murphy was now deceased and unavailable for cross-examination. The district court took the objection with the case and allowed Cedeck to reply to her counsel's question. Cedeck testified that Murphy told her, "Ginnie, I'm sorry, I was told that, 'Yes, we know she's qualified but unless she's flat-chested and wears pants, there's no way.'" In its memorandum the district court held that the statement was hearsay and inadmissible under Fed.R.Evid. 801–804. *Cedeck v. Hamiltonian Federal Sav-*

*ings and Loan Ass'n, supra,* 414 F.Supp. at 498.

Appellant argues that Murphy's statement was admissible as an admission by party-opponent under Fed.R.Evid. 801(d)(2)(D). An argument for admission of the statement under this rule could be made had Murphy stated in effect to Cedeck that she was qualified except for the fact that she was not a male. Part of Murphy's statement, however, contained a reiteration of what someone told him. Therefore, Murphy's statement to Cedeck is hearsay within hearsay. Rule 805 provides:

> Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules.

Fed.R.Evid. 805. That part of Murphy's statement which contains a reiteration of what someone told him is not admissible as an admission by party-opponent since the author of the statement is unknown. Furthermore, we do not believe it falls within any of the exceptions to the hearsay rule. Therefore, under Rule 805, the statement is not admissible.[2] It follows that the trial court's holding that the statement was inadmissible was not in error.

We are satisfied from our review of the record that the trial court's finding and conclusion that Hamiltonian did not engage in sex discrimination in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) must be affirmed.

Affirmed.

---

**2.** It should be noted that Cedeck also testified that Jay Lartonoix, secretary-treasurer of Hamiltonian and the person in charge of hiring branch managers, told her it was Hamiltonian's policy not to have women as branch managers.

Lartonoix testified that he did not make any such statement. The trial court obviously rejected plaintiff's testimony in this respect. Murphy's statement at most was cumulative.